IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDWARD GASTON RIOU, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BANK OF AMERICA CORPORATION, )<br>)<br>Defendant. ) | Case No. 14-1051-CV-W-ODS |

ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

    Defendant filed a Motion to Dismiss on December 3, 2014. Plaintiff did not respond and the time for doing so passed. See Local Rule 7.0(d). The Court issued an Order to Show Cause, directing Plaintiff to respond by January 27, 2015 and show cause why the Motion to Dismiss should not be granted. Plaintiff was warned that if he "fail[ed] to respond, the Court will deem the motion ripe for consideration and address it in due course." Plaintiff did not respond. The Court has considered the motion (Doc. # 5) and it is hereby granted.

    Plaintiff started this suit in state court and is proceeding pro se. The Complaint is not particularly clear. Reading between the lines, Plaintiff borrowed money from Defendant to purchase his home. He alleges Defendant has committed "a Breach of Contract for Attempting to improperly and over aggressively Foreclose on [the] house in the first half of 2013." Complaint, ¶ 1; see also Complaint, ¶ 2. He also alleges Defendant breached the contract by harassing him; the alleged harassment took the form of laughing at him and calling him "Ma'am." Complaint, ¶ 3. The Complaint further alleges Defendant "added fees upon fees unnecessarily making it difficult to make any payments" and further adopted rules and procedures that made "making payments to remove from foreclosure" difficult. Complaint, ¶¶ 5-6. Finally, Plaintiff alleges Defendant's failure to train or screen its employees allowed those employees to harass him by tapping his phone, stalking him, sending attacking e-mails and ruining his credit

rating. Complaint, ¶ 7. All of these allegations are advanced in a conclusory manner: there are no details, no documents, and no explanations.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. E.g., Horras v. American Capital Strategies, Ltd., 729 F.3d 798, 801 (8th Cir. 2013). Finally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotation marks and citations omitted). Despite the liberal construction due Plaintiff's pro se filing, the Complaint must be dismissed because it does not contain sufficient factual allegations to support a legal claim.

Plaintiff contends the contract was breached when Defendant "improperly" and "over aggressively" attempted to foreclose. However, (1) Plaintiff does not attach the contract that was allegedly breached or otherwise describe the terms that were allegedly breached, (2) Plaintiff does not allege that he was current in his payments, (3) he does not describe the conduct that qualifies as "overly aggressive" or that otherwise breached the contract and (4) he alleges that Defendant attempted to foreclose, but

2

does not allege that a foreclosure actually occurred.[1]  To the extent Plaintiff purports to assert a claim for attempted wrongful foreclosure (as opposed to breach of contract), the claim must be dismissed because Missouri does not recognize such a cause of action.  E.g., Killion v. Bank Midwest, N.A., 987 S.W.2d 801, 811 (Mo. Ct. App. 1998); see also Reese v. First Missouri Bank & Trust Co. of Creve Coeur, 736 S.W.2d 371 (Mo. 1987) (en banc).

The conduct Plaintiff describes as "harassment" falls well short of anything that is actionable.  There is no cause of action for being laughed at or being incorrectly referred to as "ma'am."

Plaintiff alleges Defendant "added fees upon fees unnecessarily," but provides no further allegations about these fees and therefore fails to demonstrate any claim he might have is plausible within the meaning of *Iqbal*.  Similarly, his allegation that Defendant's employees tapped his phone, stalked him, sent attacking e-mails and ruined his credit rating is devoid of any explanation that satisfies the plausibility standard.

Plaintiff did not respond to the Motion to Dismiss.  Plaintiff did not respond to the Order to Show Cause.  The Court is left with an insufficient Complaint.  Because the Complaint is insufficient, it is dismissed for failure to state a claim.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 5, 2015            UNITED STATES DISTRICT COURT

---

[1] The Court takes judicial notice of the records of the Jackson County Recorder of Deeds (supplied by Defendant) which demonstrate that a foreclosure has not occurred.